```
                    United States Bankruptcy Court
                    Middle District of Pennsylvania
```

In re:                                                        Case No. 18-02041-HWV
Ricardo A. Read-Baez                                          Chapter 13
        Debtor                   **CERTIFICATE OF NOTICE**

District/off: 0314-1        User: AutoDocke        Page 1 of 1        Date Rcvd: Jun 02, 2020
                            Form ID: pdf010        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 04, 2020.
          +Jissell A. Read,    390 Hill N Dale Drive S,    York, PA 17403-4740

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 04, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 2, 2020 at the address(es) listed below:
              Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
              Gary J Imblum    on behalf of Debtor 1 Ricardo A. Read-Baez gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com;imblumgr82281@notify.bestcase
               .com
              James   Warmbrodt    on behalf of Creditor   Nissan Motor Acceptance Corporation
               bkgroup@kmllawgroup.com
              Jerome B Blank    on behalf of Creditor    TOWNE MORTGAGE COMPANY pamb@fedphe.com
              Mario J. Hanyon    on behalf of Creditor    TOWNE MORTGAGE COMPANY pamb@fedphe.com
              Mario John Hanyon    on behalf of Creditor    TOWNE MORTGAGE COMPANY pamb@fedphe.com
              Thomas   Song   on behalf of Creditor    TOWNE MORTGAGE COMPANY pamb@fedphe.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                            TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
RICARDO A. READ-BAEZ
    Debtor

TOWNE MORTGAGE COMPANY
    Movant
    v.
RICARDO A. READ-BAEZ
JISSELL A. READ (NON-FILING CO-DEBTOR)
    Respondents

BK. No. 1:18-bk-02041-HWV

Chapter No. 13

11 U.S.C. §362

## ORDER MODIFYING §362 AUTOMATIC STAY

### ORDER GRANTING NUNC PRO TUNC RELIEF FROM THE STAY IN ORDER TO PROCEED WITH LOAN MODIFICATION MORTGAGE FORBEARANCE

**Upon Motion of TOWNE MORTGAGE COMPANY** (Movant), it is:

**ORDERED**, that approval and recording (if applicable) of the forebearance agreement shall in no way constitute a violation of the automatic stay (and co-debtor stay); and it is further;

**ORDERED** that Movant shall be permitted to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; and it is further;

**ORDERED** that Movant is granted Nunc Pro Tunc relief from Automatic Stay (and Co-Debtor Stay) to cover any and all times prior to the filing of Movant's Motion that Debtor and Debtor's Counsel may have communicated directly with Movant in order to discuss this request for forbearance; and it is further;

**ORDERED** that the forbearance agreement is approved and the mortgage payments shall be suspended until reinstated in accordance with the confirmation of an amended Chapter 13 plan that expressly provides the month in which the mortgage payment is to resume and which further provides, as a separate line item (in Part 3.2 of the Plan) the dollar amount of the suspended payments and the repayment terms; and it is further;

**ORDERED,** that any fees, costs and expenses associated with the forbearance agreement will be subject to the provisions of FRBP 3002.1, and provided further that approval of the forbearance agreement does not represent approval of the fees, costs and expenses associated with forbearance agreement and does not preclude an objection to those fees when noticed in accordance with the Rule; and it is further;

**ORDERED** that other than the suspension of mortgage payments, the rest of the Chapter 13 Plan (including the monthly plan payments) remains in full force and the Chapter 13 Trustee shall continue to distribute payments to other claims during the period of forbearance in accordance with the Chapter 13 Plan: and it is further;

**ORDERED** that Debtor is required to file an Amended Chapter 13 Plan that provides for resumption of mortgage payments at least 90 days prior to the last month in the forbearance period;

and it is further;

**ORDERED** that Rule 4001(a)(3) is not applicable and **TOWNE MORTGAGE COMPANY** may immediately enforce and implement this Order granting Relief from the Automatic Stay and Co-debtor Stay for the limited purpose of proceeding with and recording (if applicable) the forbearance agreement.

Dated: June 2, 2020

By the Court,

*Henry W. Van Eck*
Henry W. Van Eck, Chief Bankruptcy Judge (LS)