IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| RICARDO A. READ-BAEZ | : | CASE NO. 1:18-bk-02041-HWV |
|     Debtor | : | |
| | : | CHAPTER 13 |
| CAPITAL ONE AUTO FINANCE, A | : | |
| DIVISION OF CAPITAL ONE, N.A. | : | |
|     Movant | : | |
| | : | |
| v. | : | |
| | : | |
| RICARDO A. READ-BAEZ | : | |
| JISSELL READ | : | |
|     Respondents | : | |

**DEBTOR'S RESPONSE TO MOTION OF
CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.
FOR RELIEF FROM THE AUTOMATIC STAY**

    **AND NOW,** comes Debtor, Ricardo A. Read-Baez, by and through his attorney, Gary J. Imblum, and respectfully responds as follows:

    1.    Admitted in part and denied in part. Debtor has no knowledge of the Movant. Strict proof is demanded.

    2.    Admitted.

    3.    Admitted in part and denied in part. The Retail Installment Sales Contract speaks for itself.

    4.    Admitted in part and denied in part. The Contract speaks for itself.

    5.    Admitted in part and denied in part. Debtor has no knowledge. Strict proof is demanded.

    6.    Admitted in part and denied in part. Debtor has no knowledge as to the balance on the loan. The Contract speaks for itself as to the monthly payment and the interest rate.

7. Admitted in part and denied in part. The exact amount of the post-petition arrearage is unknown. Debtor missed three (3) to five (5) months of work during the pandemic and could not make payments to Capital One during that time and the Debtor has never been able to catch up. Debtor offers to amend the Plan to cure the arrearage.

8. Admitted in part and denied in part. Debtor has no knowledge as to the current retail value of the vehicle. Strict proof is demanded.

9. Admitted in part and denied in part. Debtor has no knowledge. Strict proof is demanded.

10. Admitted in part and denied in part. It is unknown as to whether Debtor has equity in the vehicle. Same depends upon the fair market value as of the present time.

11. Admitted.

12. Denied. There is no reason why Rule 4001(a)(3) should not apply.

13. Admitted in part and denied in part. Movant is only entitled to attorneys fees and costs if there is equity in the vehicle.

**WHEREFORE**, Debtor respectfully requests that this Honorable Court issue an Order denying the Motion for Relief From Stay.

Respectfully submitted,

/s/ Gary J. Imblum

Gary J. Imblum
Attorney I.D. No. 42606
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
Attorney for Debtor

DATED: 1/17/23

## CERTIFICATION OF SERVICE

I, Carol V. Shay, Paralegal, do hereby certify that I have served a copy of the foregoing DEBTOR'S RESPONSE TO MOTION OF CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A. FOR RELIEF FROM THE AUTOMATIC STAY upon the following persons by E-Service or by United States Mail, first class, postage prepaid, at Harrisburg, Dauphin County, Pennsylvania, addressed to:

JACK N. ZAHAROPOULOS, ESQUIRE
CHAPTER 13 TRUSTEE
VIA E-SERVICE

REGINA COHEN, ESQUIRE
LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO
COUNSEL FOR MOVANT
VIA E-SERVICE

IMBLUM LAW OFFICE, P.C.

_Carol V. Shay_
Carol V. Shay, Paralegal
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
For Debtor

DATED: 1/17/2023