## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## HARRISBURG DIVISION

IN RE:

| | | |
|---|---|---|
| | ) | CHAPTER 13 |
| RICARDO A. READ-BAEZ | ) | |
| Debtor | ) | |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | ) | CASE NO.: 1:18-BK-02041-HWV |
| CAPITAL ONE AUTO FINANCE, A | ) | |
| DIVISION OF CAPITAL ONE, N.A. | ) | |
| Movant | ) | **LOCATION:** |
| vs. | ) | U.S. Bankruptcy Court |
| | ) | Middle District of Pennsylvania |
| RICARDO A. READ-BAEZ      and | ) | 228 Walnut Street Rm 320 |
| | ) | Harrisburg, PA 17101 |
| JISSELL READ | ) | |
| Codebtor | ) | |
| | ) | |
| and            Respondents | ) | |
| | ) | |
| JACK N ZAHAROPOULOS | ) | |
| Trustee | ) | |

## STIPULATION RESOLVING CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND CODEBTOR STAY

Came on for consideration the Motion for Relief from Automatic Stay and Codebtor Stay (Doc. 122) filed by Capital One Auto Finance, a division of Capital One, N.A. its assigns and/or successors in interest, ("Movant"), in the above entitled and numbered case, regarding the 2016 Nissan Sentra Sedan 4D SV 1.8L I4, V.I.N. # 3N1AB7APXGL671307 (the "Collateral"). The Court, having considered said Motion and agreement of counsel, is of the opinion that the following Stipulation should be entered.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

1.     **Automatic and Codebtor Stay:**  The Automatic Stay provided by 11 U.S.C. §362 and Codebtor Stay under 11 U.S.C. 1301 shall remain in effect, except as provided below.

Case 1:18-bk-02041-HWV    Doc 134    Filed 03/23/23    Entered 03/23/23 ...

Main Document      Page 1 of 4

2.      Debtor will make payment of $500.00 on or before April 07, 2023.

3.      **Debtor is to amend plan:**  Within 30 days of entry of this Order, the Debtor must file a proposed modification of the debtor's plan to provide for payment of Movant's claim in the amount of $11,029.86 with $695.59 interest for a total of $11,862.45 though the plan. If the Debtor fails to file a modification, it is a Final Default under this order.

4.      **Six Months Strict Compliance:** Debtor consents to a six-month period of strict compliance with the chapter 13 plan, which period shall begin running on the date this order is entered.

5.      **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 and Codebtor Stay of 11 U.S.C. 1301 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6.      **Conversion to Chapter 7:**  The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the note shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

7.      A default will occur in the event, if (1) Debtor fails to file modification of plan, within 30 days of entry of this order, (2) Debtor misses a plan payment within the six-month period as set forth above in paragraph 3, (3) Debtor fails to keep the Collateral insured, (4) Collateral is total loss. If Debtor defaults in any way, then Movant may send written notice of the default to Debtor by Regular Mail and by Certified Mail Return Receipt Requested, postage prepaid, and to

2

Counsel for Debtor by Email at gary.imblum@imblumlaw.com. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtor fails to cure such delinquent payments within such 10-day period, or in the event Debtor become delinquent after two (2) notices of default, the Automatic Stay of 11 U.S.C. §362 and Codebtor Stay of 11 U.S.C. 1301 shall terminate as it relates to Movant and the Collateral. If the stay terminates pursuant to this Agreed Order, Movant shall be allowed to enforce all its rights and remedies in the Collateral as permitted under Contract and State law, and if applicable, permitted to file an unsecured claim for any remaining deficiency balance.

8.      The failure of Movant to issue a notice of default will not be construed or act as a waiver of any of the rights of Movant under the Consent Order.

9.      Debtor waives the fourteen (14) day stay provided under Rule 4001(a)(3), F.R.B.P.


**IT IS FURTHER ORDERED THAT:** Movant may immediately enforce and implement this Order granting relief from the Automatic Stay and Codebtor Stay and the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.


Additionally, upon default, Movant shall notify the Court, Debtor, Codebtor, Debtor's attorney, and the Chapter 13 Trustee that the Automatic Stay and Codebtor Stay has been terminated. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

3

The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: _____

Gary J Imblum
Attorney for the Debtor

CONSENTED TO BY:

DATED:    3/27/23

Regina Cohen

REGINA COHEN
Attorney for Capital One Auto Finance, a division of Capital One, N.A.

CONSENTED TO BY:

DATED:    3/28/2023                        for

Agatha R. McHale, Esq.

JACK N ZAHAROPOULOS
Chapter 13 Trustee

4